O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. CR13-782-CAS |
| Plaintiff, ) | |
| v. ) | FINAL REVOCATION OF PROBATION |
| ) | AND JUDGMENT |
| EDITH TOMASA RODRIGUEZ- ) | |
| CARDENAS, ) | |
| Defendant. ) | |
| _____ ) | |

On January 29, 2014, this matter came before the Court on Petition on Probation and Supervised Release originally filed on November 25, 2013. Government counsel, Stephanie Christensen, the defendant and her appointed DFPD attorney, Ron Chowdhury, were present. The U.S. Probation Officer, Kameron Smith, was also present.

The defendant admitted Allegations 2, 5, 6, and 7 of her probation as stated in the petition filed November 25, 2013. The Court finds that the defendant is in violation of the terms and conditions of her probation imposed on April 4, 2012.

IT IS ORDERED AND ADJUDGED, upon the findings of the Court, the defendant is hereby designated to a Residential Reentry Center for a term of two (2) months. Until designation to a Residential Reentry Center, defendant is ordered to abide by the conditions and restrictions that govern her pretrial release. Once designated to a Residential Reentry Center, defendant shall serve 60 days. At the completion of serving 60 days, defendant shall be reinstated on probation for a term of three (3) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U.S. Probation Office, General 05-02, and General Order 01-05, including the three special conditions delineated in General Order 01-05. The defendant shall pay the special assessment fee of $100.

2. The defendant, as a condition of probation, shall submit to one drug test within 15 days of release from the residential re-entry center, and at least two periodic drug tests thereafter, not to exceed six tests per month, as directed by the Probation Officer, pursuant to 18 USC 3563(a)(5).

3. Defendant shall cooperate in the collection of a DNA sample from the defendant.

4. Defendant shall not enter the Republic of Mexico without written permission of the Court or Probation Officer. (18 hour visit limitation).

5. The defendant shall participate in outpatient substance abuse treatment counseling program that includes urinalysis, breath and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs, alcohol, and abusing prescription medications during the period of supervision.

6. The defendant shall participate for a period not to exceed 365 days in a home detention program which may include electronic monitoring, GPS, Alcohol Monitoring Unit, or automated identification systems and shall observe all rules of such program, as directed by the Probation Officer. The defendant shall maintain a residential telephone line without devices and/or services that may interrupt operation of the monitoring equipment. The defendant's costs shall be waived.

7. The defendant shall participate in and successfully complete a cognitive-based life skills program (Emerging Leaders), as approved by the Probation Officer.

8. If unemployed for more than two consecutive months, the defendant shall participate in a workforce development program or other similar program, which includes occupational/career development, including but not limited to assessment, testing, education, training classes, career guidance, employment search, and retention services, as directed by the Probation Officer.

9. The defendant shall appear for a Status Conference every four months until the Court deems otherwise.

Upon entry to the Residential Reentry Center, defendant's bond is exonerated.

On the Government's motion, the Court dismissed Allegations 1, 3 and 4 of the petition.

FILE/DATED:   February 7, 2014

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

TERRY NAFISI, CLERK

By: ___/S/_____
R. Neal for C. M. Jeang, Deputy Clerk

3